UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA,

| | |
|---|---|
| TAX ANALYSTS<br>  400 South Maple Avenue, Suite 400<br>  Falls Church, VA   22046,<br>  (703) 533-4400,<br><br>                    Plaintiff,<br><br>           v.<br><br>INTERNAL REVENUE SERVICE<br>  1111 Constitution Avenue, NW<br>  Washington, DC 20224,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT  FOR  DECLARATORY  AND  INJUNCTIVE  RELIEF

1.  This is an action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in which plaintiff Tax Analysts seeks electronic publication of enforcement decisions involving practitioners before the Internal Revenue Service ("IRS").

Jurisdiction and Venue

2.  This court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  Venue lies in this district pursuant to 5 U.S.C. § 1391(e).

Parties

3.  Plaintiff Tax Analysts is a nonprofit District of Columbia corporation and is a charitable and educational organization described in Internal Revenue Code ("IRC") § 501(c)(3).  Consistent with that mission, and since its founding in 1970, Tax Analysts has been a leading publisher of information concerning the enactment

and administration of the tax laws of the United States, the several states and other countries, the adjudication of tax cases by courts and other tribunals, and other countries, and other subjects relating to taxation. Its weekly periodicals include Tax Notes Federal and Tax Notes State, and its daily online periodicals include Tax Notes Today Federal and Tax Notes Today State. Tax Analysts also operates a web site at www.taxnotes.com.

    4. Defendant IRS is an agency of the United States government.

## Factual Background

    5. Pursuant to.31 U.S.C. § 330, the IRS has promulgated a regulation known as "Circular 230," which is available at 31 C.F.R. Part 10. Circular 230 sets the rules under which one may act as the agent for a taxpayer before the IRS. Circular 230 prescribes the duties and responsibilities of those agents. In addition, Circular 230 prescribes the sanctions for violating these rules and sets out the rules applicable to disciplinary proceedings.

    6. Circular 230 is administered by the Office of Professional Responsibility ("OPR") within IRS. OPR is responsible for regulating the conduct of practitioners before the IRS. Its duties include bringing enforcement actions against practitioners who are alleged to have violated applicable regulations. Sanctions may include disbarment, suspension, censure and monetary penalties.

    7. Enforcement actions are litigated before an Administrative Law Judge ("ALJ"), who, after a hearing, is required by 31 C.F.R. § 10.76(a)(1) to "enter a decision" in those cases. Before entering any such decision, the ALJ must redact

identifying information of third-party taxpayers (or issue a protective order if redaction may still permit indirect identification of any third-party taxpayer) under the standards set out in 31 C.F.R. § 10.72(d)(4).  An ALJ decision becomes "final" if it is not appealed within 30 days (31 C.F.R. § 10.76(d)).  Such an ALJ decision becomes "public and open to inspection within 30 days after the agency's decision becomes final."  31 C.F.R. § 10.72(d)(1).

8.  An ALJ decision may be appealed to the Appellate Authority, a unit within the Department of the Treasury.  Rulings by the Appellate Authority are required under Circular 230 to be public and open to inspection.  All "final" decisions under Circular 230 are subject to judicial review.

9.  From September 2007 until the end of 2014, ALJ decisions and Appellate Authority decisions (hereinafter "Circular 230 decisions") were posted on the IRS web site (www.irs.gov).  In 2014 a question arose as to whether disclosure of Circular 230 decisions might reveal "return information" about taxpayers, which is protected under IRC § 6103.  Starting in 2015, Circular 230 decisions were no longer posted on the IRS web site.  Circular 230 decisions that had been posted prior to that date were removed from the IRS web site.

10.  On 21 March 2019 Tax Analysts made a FOIA request to IRS, seeking access to all "final decisions of an Administrative Law Judge and the Appellate Authority in Circular 230 cases from 2015 to present."  Requests for access to agency records are governed by subsection (a)(3) of the FOIA, 5 U.S.C. § 552(a)(3).

11.  Tax Analysts' letter also requested that IRS "repost on its web site all

ALJ and Appellate Authority decisions in Circular 230 cases that had previously been posted." That letter stated that these decisions constitute "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases," which an agency "shall make available for public inspection in an electronic format" under subsection (a)(2) of the FOIA, 5 U.S.C. § 552(a)(2).

12. By letter dated 18 July 2019 IRS provided an interim response to the request for Circular 230 decisions. IRS provided 113 pages of ALJ decisions and Appellate Authority decisions, with 70 pages withheld in whole or in part.

13. IRS provided a final response by letter dated 18 October 2019. That response denied Tax Analysts' request that IRS repost the pre-2015 Circular 230 decisions. IRS explained that the FOIA "does not provide a means to request the agency to post an item on the website under 5 U.S.C. § 552(a)(2)." In addition, IRS stated that the remedy in 5 U.S.C. § 552(a)(4) "does not empower the courts to order agencies to publish items under 5 U.S.C. § 552(a)(1) or (a)(2)."

14. On 15 January 2020 Tax Analysts made an administrative appeal of IRS' refusal to repost the Circular 230 decisions that had been removed from the IRS's web site.

15. IRS denied the appeal by letter dated 31 January 2020. IRS stated that the FOIA "only provides a right to access documents and doesn't provide for a right of services to be performed by an agency in response to a request."

16. IRS's refusal to post Circular 230 decisions has injured Tax Analysts by depriving Tax Analysts of information to which Tax Analysts and the public are

4

entitled in electronic format under FOIA subsection (a)(2). This refusal requires Tax Analysts to make individual requests under FOIA subsection (a)(3) for access to Circular 230 decisions for specific time periods, which they would not have to do if IRS were to post Circular 230 decisions as a matter of course under FOIA subsection (a)(2).

## Cause of Action.

17.  Plaintiff realleges paragraphs 1 through 16 of this complaint.

18. Tax Analysts has a statutory right of access in electronic format to the Circular 230 records at issue in this case under subsection (a)(2) of the FOIA, 5 U.S.C. § 552(a)(2).  There is no legal basis for IRS to deny such access.

19.  Tax Analysts has no remedy at law and will suffer irreparable injury absent relief from this Court.

## Requests for Relief

Wherefore, plaintiff requests that this Court:

1.  Declare that IRS has failed to comply with 5 U.S.C. § 552 by failing to make available its Circular 230 decisions in accordance with 5 U.S.C. § 552(a)(2)..

2.  Permanently enjoin IRS from failing to publish in accordance with 5 U.S.C. § 552(a)(2) the Circular 230 decisions that had been posted on the IRS web site prior to 2015.

3.  Permanently enjoin IRS from failing to publish in accordance with 5 U.S.C. § 552(a)(2) all subsequent Circular 230 determinations.

4. Award Tax Analysts its costs and a reasonable attorneys' fee; and

5. Grant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Cornish F. Hitchcock*

Cornish F. Hitchcock  (D.C. Bar No. 238824)
 Hitchcock Law Firm PLLC
 5614 Connecticut Avenue, NW  No. 304
 Washington, D.C. 20015
 (202) 489-4813  Fax: (202) 315-3552
 E-mail: conh@hitchlaw.com
Attorney for Plaintiff

Dated: 13 May 2020